Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| ADRIANA MARÍA CAPARRÓS JORDÁN<br><br>Parte Recurrida<br>v.<br><br>PEDRO JUAN HERNÁNDEZ RIVERA<br><br>Parte Peticionaria | TA2026CE00761 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso núm.: SJ2024CV08517<br><br>Sobre: Liquidación de Comunidad de Bienes |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Bonilla Ortiz, la Jueza Martínez Cordero y el Juez Robles Adorno.

Robles Adorno, Juez Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 24 de junio de 2026.

El 14 de junio de 2026, el señor Pedro Juan Hernández Rivera (el señor Hernández Rivera o el peticionario) presentó ante nos una *Petición de Certiorari* en la que solicitó que revoquemos la *Resolución* emitida y notificada el 15 de mayo de 2026 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario).[1]

En el aludido dictamen, el foro primario ordenó que, las partes proveyeran la información solicitada entre este y la señora Adriana María Caparrós Jordán (la señora Caparrós Jordán o la recurrida) durante el descubrimiento de prueba, sin tomar en consideración una cláusula del contrato de capitulaciones. Ello, pues dicha cláusula no limita la amplitud del descubrimiento de prueba.

El 24 de junio de 2026, el peticionario radicó una *Moción en solicitud de auxilio de jurisdicción* puesto que el 25 de junio de 2026, el foro primario celebraría una vista sobre la continuación del descubrimiento de prueba y, por tanto, solicitó que paralicemos los procedimientos ante el TPI.

---

[1] Entrada núm. 61 del caso núm. SJ2024CV08517 en el Sistema Unificado para el Manejo y Administración de Casos (SUMAC).

Tras examinar con detenimiento el recurso de epígrafe y ante la *Moción en solicitud de auxilio de jurisdicción* optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 216 DPR __ (2025). Consecuentemente, procederemos a resolver el caso de autos sin la comparecencia de la señora Caparrós Jordán.

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari* solicitado y declaramos No Ha Lugar la *Moción en solicitud de auxilio de jurisdicción.*

**I.**

El caso de autos tuvo su origen cuando el 16 de septiembre de 2024, la señora Caparrós Jordán indicó que, contrajo matrimonio el 23 de agosto de 2008 con el peticionario.[2] Arguyó que, el 22 de agosto de 2008, las partes otorgaron ante notario unas capitulaciones matrimoniales. Así las cosas, sostuvo que, las partes se divorciaron el 12 de agosto de 2020. Con ello, señaló las siguientes cláusulas:

> No obstante, el régimen económico pactado por las partes en el presente acuerdo, el cual habrá de imperar durante la vigencia del matrimonio, estos han decidido pactar, a base de sus convicciones filosóficas y de vida, cómo se dividirán los bienes adquiridos por ambos, en su capacidad privativa, si por alguna razón cesare su matrimonio mediante una disolución legal y/o por muerte.

> En caso de que éstos dieran por terminado el vínculo matrimonial que ha de unirles mediante cualquier procedimiento legal válido, y/o porque alguna de las partes fallezca, los aquí comparecientes acuerdan que los bienes que hayan adquirido a nombre de cada parte, con carácter privativo de cada cual, serán unidos en una masa común, la cual se valorará como un solo caudal y se dividirá entre ambos a partes iguales.

---

[2] Entrada núm. 1 del caso núm. SJ2024CV08517 en el SUMAC.

Por tanto, la recurrida alegó que, no deseaba continuar siendo comunera con el señor Hernández Rivera y solicitó la división de los bienes y adjudicación del inventario.

En respuesta, el 13 de diciembre de 2024, el peticionario radicó una *Contestación a demanda y reconvención* en la que, negó en su mayoría las alegaciones formuladas en la *Demanda*, y, argumentó que, no existía una masa común entre ambos.[3] Ripostó en la *Reconvención* que, cuando contrajeron matrimonio acordaron estar bajo el régimen de separación de bienes y, por tanto, no procedía lo reclamado por la recurrida. Sostuvo que, pactaron que solo sería ganancial la propiedad adquirida por ambos, el resto de los bienes privativos no serían gananciales. En lo pertinente, argumentó que, la cláusula dieciséis (16) aplicaba en caso de que alguna de las partes falleciera durante la vigencia del matrimonio. Con relación a la cláusula diecisiete (17) adujo que era nula tras ser contraria a la ley, moral y el orden público. Por tanto, solicitó que el TPI declarase Con Lugar la *Contestación a Demanda y Reconvención.*

Tras diversos incidentes procesales, el 30 de marzo de 2026, la recurrida presentó una *Moción al amparo de la Regla 34 de Procedimiento Civil y para que se ordene al demandado a cumplir con el descubrimiento de prueba, a contestar y producir los documentos requeridos, so pena de sanciones* en la que afirmó que, el señor Hernández Rivera no había provisto los documentos solicitados.[4] En adición, alegó que, el peticionario se negaba entregar cierta documentación tras indicar que el régimen del matrimonio era la separación de bienes. Por tanto, solicitó que, el foro primario declarara Con Lugar la mencionada moción y ordenara al señor Hernández Rivera a reproducir los documentos solicitados y respondiera el interrogatorio.

---

[3] Entrada núm. 14 del caso núm. SJ2024CV08517 en el SUMAC.
[4] Entrada núm. 50 del caso núm. SJ2024CV08517 en el SUMAC.

Así, el 21 de abril de 2026, el peticionario instó *una Moción en cumplimiento de orden y en réplica a moción al amparo de la Regla 34 de Procedimiento Civil* en la que insistió que, el régimen vigente durante el matrimonio fue el de separación de bienes.[5] A su vez, indicó que, ha respondido a las preguntas cursadas por la señora Caparrós Jordán toda vez que, esta alega que los bienes adquiridos luego de la vigencia del matrimonio son comunes y este ha afirmado que no le asiste la razón. Por otra parte, le rogó al TPI que resolviera la controversia relacionada a las cláusulas en controversia previo a continuar con el pleito.

Evaluada la mencionada moción, el TPI emitió una Orden en la que declaró Sin Lugar lo solicitado en la *Moción en cumplimiento de orden y en réplica a moción al amparo de la Regla 34 de Procedimiento Civil* y ordenó que las partes continuaran con el descubrimiento de prueba salvo lo relacionado a la cláusula dieciocho (18) del Contrato de Capitulaciones.[6] Empero, sostuvo que, atendería en la vista de la conferencia inicial lo relacionado a la referida cláusula.

El 14 de mayo de 2026, el señor Hernández Rivera radicó una *Moción en solicitud de orden para bifurcar causa de acción contingente* en la que solicitó que el TPI atendiera su reclamo en cuanto a determinar si la cláusula dieciocho (18) es nula previo a continuar el pleito.[7] Alegó que, la recurrida aspira lograr obtener información financiera del peticionario y llevar a cabo un descubrimiento de prueba sin restricciones. No obstante, nuevamente inquirió que el *foro a quo* atendiera la reclamación sobre las cláusulas en controversia.

El 15 de mayo de 2025, el foro primario emitió una *Resolución* en la que resolvió que, no puede limitar el descubrimiento de prueba

---

[5] Entrada núm. 57 del caso núm. SJ2024CV08517 en el SUMAC.
[6] Entrada núm. 58 del caso núm. SJ2024CV08517 en el SUMAC.
[7] Entrada núm. 59 del caso núm. SJ2024CV08517 en el SUMAC.

ante un argumento sobre la invalidez de una cláusula del contrato de capitulaciones.[8] El TPI determinó que, las partes deberán hacer un descubrimiento de prueba a los fines de conocer los activos y los pasivos que puedan tener. En otros términos, denotó que, el impacto que pudiese tener la cláusula (18) sería atendida cuando se liquiden los bienes, pero no tenía un impacto con respecto al descubrimiento de prueba.

Inconforme, el 14 de junio de 2026, el peticionario presentó ante nos una *Petición de Certiorari* en la que coligó los siguientes errores:

> Primer error: Erró el Tribunal de Primera Instancia al concluir que la controversia sobre la nulidad de las cláusulas 17 y 18 de las capitulaciones matrimoniales constituía una mera alegación defensiva, cuando la misma fue expresamente planteada mediante reconvención como una reclamación independiente de nulidad que ataca el fundamento jurídico esencial de la demanda presentada por la recurrida.

> Segundo error: Erró el Honorable Tribunal de Primera Instancia al denegar la solicitud de atender y adjudicar prioritariamente la controversia sobre la validez de las cláusulas 17 y 18 de las capitulaciones matrimoniales antes de continuar con la litigación de la reclamación de liquidación promovida por la demandante, a pesar de que dicha reclamación depende de la validez de las referidas cláusulas y de que ambas partes coincidieron en que dicha controversia debía resolverse primero.

> Tercer error: Erró el Honorable Tribunal de Primera Instancia y abusó de su discreción al ordenar un descubrimiento de prueba amplio e irrestricto sobre los activos, ingresos, inversiones, cuentas financieras y demás información patrimonial de las partes antes de resolver la controversia jurídica sobre la validez de las cláusulas que sirven de fundamento a la reclamación de liquidación, actuando contrario a los principios de pertinencia, proporcionalidad, economía procesal y sana administración de la justicia.

En igual fecha, el peticionario instó una *Solicitud de autorización para someter como parte del apéndice la transcripción de la vista de 15 de mayo de 2026 a tenor con la Regla 34 (E) del Reglamento del Tribunal de Apelaciones* en la que solicitó que le concediéramos la oportunidad de presentar una transcripción de la prueba oral. Ante ello, el 16 de junio de 2026 emitimos una

---

[8] Entrada núm. 61 del caso núm. SJ2024CV08517 en el SUMAC.

*Resolución* en la que ordenamos a la recurrida a presentar su oposición y ordenamos a que la Secretaria del foro primario remitiera la grabación de la vista solicitada en aras de evaluar los errores formulados por el peticionario y apreciar la vista.

Es meritorio resaltar que, la Regla 7 (B)(5) de nuestro Reglamento, *supra*, nos permite resolver sin la oposición de la recurrida.

**II.**

**A.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004-1005 (2021); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023). Véase, además, *IG Builders et al v. BBVAPR*, 185 DPR 307, 337 (2012); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728 (2016). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc, supra; Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011). Cónsono con lo anterior, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone en lo pertinente lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación

constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
[. . .]

Si el asunto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra,* debemos pasar entonces a un segundo escrutinio. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso. En aras de ejercer de manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, Regla ___ del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, 216 DPR __ (2025), dispone los criterios a considerar para poder atender o no las controversias ante su consideración. *BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). Véase, *Rivera et al. v. Arcos Dorados et al.*, *supra*; *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020); *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96-97 (2008). Los criterios que debemos considerar son los siguientes:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro

de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. *Torres Martínez v. Torres Ghigliotty, supra,* pág. 97. Ahora bien, este Tribunal de Apelaciones puede expedir el auto de certiorari cuando "se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos que revistan interés público o cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Rivera et al. v. Arcos Dorados et al., supra,* pág. 195.

**B.**

El descubrimiento de prueba es el mecanismo por el que las partes pueden obtener documentos, títulos y otros asuntos en poder del demandado. *McNeil Healthcare, LLC v. Municipio de las Piedras,* 206 DPR 659, 672 (2021). A esos fines, la Regla 23.1 de Procedimiento Civil, 32 LPRA, Ap.V, R. 23.1, estatuye que:

> Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la reclamación o defensa de cualquier otra parte, incluso la existencia, descripción, naturaleza, custodia, condición y localización de cualesquiera libros, información almacenada electrónicamente, documentos u otros objetos tangibles, y la identidad y dirección de personas que conozcan hechos pertinentes. No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible.

Los foros primarios ostentan gran discreción para regular el descubrimiento de prueba, por lo que los foros revisores no debemos intervenir con dicha discreción, salvo que medie prejuicio, parcialidad o error manifiesto en la aplicación de una norma procesal o sustantiva. *Rivera y otros v. Bco. Popular,* 152 DPR 140, 154–155 (2000); *McNeil Healthcare, LLC v. Municipio de las Piedras, supra,* pág. 672. Ante un descubrimiento de prueba amplio y liberal, se aceleran los procedimientos, se fomentan las transacciones y se evitan las sorpresas indeseables durante el juicio. *McNeil*

*Healthcare, LLC v. Municipio de las Piedras, supra*, pág. 672. Al descubrimiento de prueba le es oponible la pertinencia y el privilegio. *McNeil Healthcare, LLC v. Municipio de las Piedras, supra*, pág. 673; *Ponce Adv. Med. v. Santiago González et al.*, 197 DPR 891, 898–899 (2017). En esa línea, la una prueba pertinente es aquella que: (a) prueba que sea admisible en el juicio; (b) hechos que puedan servir para descubrir evidencia admisible; (c) datos que puedan facilitar el desarrollo del proceso; (d) admisiones que puedan limitar las cuestiones realmente litigiosas entre las partes; (e) datos que puedan servir para impugnar la credibilidad de los testigos; (f) hechos que puedan usarse para contrainterrogar a los testigos de la otra parte; (g) nombres de los testigos que la parte interrogada espera utilizar en el juicio. *McNeil Healthcare, LLC v. Municipio de las Piedras, supra*, pág. 674; *García Rivera et al. v. Enríquez,* 153 DPR 323, 334 (2001). Con respecto a la materia privilegiada es aquella que está cobijada dentro de algún privilegio reconocido. Reglas de Evidencia, 32 LPRA, Ap. II; *McNeil Healthcare, LLC v. Municipio de las Piedras, supra*, pág. 673.

### III.

En el caso de autos, el peticionario argumentó que, el TPI erró en no atender si las cláusulas diecisiete (17) y dieciocho (18) eran válidas previo a continuar con el descubrimiento de prueba. A su vez, alegó que, el foro primario erró en no limitar el descubrimiento de prueba, toda vez que, ordenó que fuese amplio.

Luego de un examen sosegado del expediente ante nos, y en correcta práctica apelativa, colegimos que nos abstenemos de ejercer nuestra función revisora y, de intervenir con la determinación del foro primario. El TPI no abusó de su discreción y cumplió con la normativa relacionada con el descubrimiento de prueba al amparo de la Regla 23.1 de Procedimiento Civil, *supra*, R.23.1.

A la luz de lo esbozado, y en ausencia de prueba que nos permita resolver en contrario, denegamos expedir el auto de *certiorari* que nos ocupa, al amparo de lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 de nuestro Reglamento, *supra*.

## IV.

Por los fundamentos que anteceden, denegamos la expedición del auto de *certiorari* y declaramos No Ha Lugar a la *Moción en solicitud de auxilio de jurisdicción* instada por el peticionario.

**Notifíquese inmediatamente.**

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones